WERDEGAR, J., Concurring.
I fully concur in the majority opinion. I write separately only to point out a limitation on the scope of our decision today.
The majority correctly holds that Code of Civil Procedure section 1094.5, governing the procedure to be followed in adjudicating petitions for writ of administrative mandate, does not preclude a trial court from ordering an interlocutory remand requiring agency reconsideration of one or more specific findings or decisions; nor is the agency precluded, under this statute, from considering new evidence on such a remand. (Maj. opn., ante, at pp. 529-530.) Because the remand order at issue in this case related to compliance with a provision of the federal Clean Water Act of 1977 (33 U.S.C. § 1326(b)) rather than to compliance with the California Environmental Quality Act (CEQA; Pub. Resources Code, § 21000 et seq.), the majority has no occasion here to consider whether a trial court may, similarly, order remand for reconsideration of an agency decision for compliance with CEQA without issuing a writ of mandate.
Public Resources Code section 21168.9, subdivision (a) provides that if a court finds a public agency’s finding or decision to have been made in violation of CEQA, “the court shall enter an order that includes one or more of the following” mandates. The statute specifically outlines the scope of the mandate to be issued, including as necessary that the agency void its findings *540 and decisions, take any actions required to come into compliance with CEQA, and in the meantime suspend any part of the project at issue that might cause an adverse environmental effect. (Pub. Resources Code, § 21168.9, subd. (a)(1)—(3).) Balancing these commands with protections against an overbroad writ, the statute limits the order to “only those mandates which are necessary to achieve compliance with this division and only those specific project activities in noncompliance with this division,” provided the noncomplying portion of the decision or finding is severable from the complying portion. (Id, subd. (b).) The order is to be made by “peremptory writ of mandate,” and the trial court is to retain jurisdiction “by way of a return to the peremptory writ” to ensure agency compliance. (Ibid)
Consequently, while CEQA challenges are often brought through a petition for administrative mandate under Code of Civil Procedure section 1094.5, CEQA contains its own detailed and balanced remedial scheme, offering protections for both agencies and those challenging agency action under CEQA. I do not read the majority’s analysis of the administrative mandate procedure in this non-CEQA case as speaking to the procedures to be followed when an agency’s action is found to have violated CEQA.
Cantil-Sakauye, C. J., concurred.